UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

MIALGROS DE LA CRUZ, an individual,

    Plaintiff,

vs.

ALL FLORIDA PAPER LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, MIALGROS DE LA CRUZ (referred to as "Plaintiff" and "DE LA CRUZ"), was an employee of Defendant, ALL FLORIDA PAPER LLC, a Florida Limited Liability Company, and brings this action against Defendant for alleged interference and retaliation violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601 *et seq.*

2. At all times material to this action, DE LA CRUZ has been an individual residing in Miami-Dade County, Florida, within the jurisdiction of this Court.

3. At all times material to this action, Defendant, ALL FLORIDA PAPER LLC, has owned and operated a distribution and supplies business based at 9150 NW 105th Way, Medley, Florida 33178 in Miami-Dade County, within the jurisdiction of this Court, that services customers in more than Thirty-Five (35) industries and Twenty-Five (25) countries providing thousands of product lines such as janitorial supplies, skin and personal care products, food service, facilities and grounds, office, and packaging.

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and 29 U.S.C. §2601.

1

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this action occurred in Miami-Dade County, within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

6. In February 2020, ALL FLORIDA PAPER LLC hired DE LA CRUZ as a full-time Collection Specialist based upon the regular rate of $17.00 per hour, with Plaintiff's primary duties consisting of: (a) calling and emailing clients to collect payments owed to Defendant; (b) processing payments for Defendant from customers via credit card, checks, wire transfer, and ACH; (c) opening and managing accounts while working with collection plans; and (d) communicating with Defendant's sales personnel regarding the collection of payments.

7. Between February 2020 and December 2020, DE LA CRUZ satisfactorily performed her duties for ALL FLORIDA PAPER LLC and earned approximately $30,150.56 in gross wages from Defendant.

8. Between January 2021 and June 2021, DE LA CRUZ satisfactorily performed her duties for ALL FLORIDA PAPER LLC and earned approximately $17,592.25 in gross wages from Defendant, during which time ALL FLORIDA PAPER LLC increased Plaintiff's regular rate of pay around April 2021 to $17.75 per hour.

9. On or around July 13, 2021, DE LA CRUZ arrived at work at ALL FLORIDA PAPER LLC's office on the 2nd floor at 9150 NW 105th Way in Medley, Florida at 10:00 a.m. because Plaintiff's mother, Monica Garcia, age Forty-Nine (49) had recently been admitted to Jackson South Medical Center and was diagnosed with Stage 4 bone marrow cancer on July 13th, at which time DE LA CRUZ notified both her immediate supervisor, ALL FLORIDA PAPER LLC's Collections Manager, Luz Moreno, and Defendant's Human Resources Manager,

Diana Lucerna, that Plaintiff was late by one (1) hour because of caring for Plaintiff's mother while she began treatment for bone marrow cancer, which treatment would be ongoing.[1]

10. On or around July 14, 2021, DE LA CRUZ arrived at work at ALL FLORIDA PAPER LLC's office in Medley, Florida at 10:00 a.m. because Plaintiff was caring for her mother while she received medical treatment at the hospital for bone marrow cancer, and again when DE LA CRUZ got to the office, DE LA CRUZ notified both Moreno and Lucerna of her arrival time and the fact that Plaintiff had been caring for her mother while she received cancer treatment in the hospital.[2]

11. On July 15, 2021, when DE LA CRUZ arrived at work at ALL FLORIDA PAPER LLC's office in Medley, Florida at 9:00 a.m., Moreno questioned Plaintiff about her mother's medical condition and DE LA CRUZ notified Moreno that Plaintiff's mother was going to be transferred to another facility because a biopsy needed to be performed in connection with the ongoing treatment for her mother's bone marrow cancer.

12. In response, Moreno told DE LA CRUZ on July 15, 2021: "So your mother really doesn't have anything serious if they have not transferred her yet," after which Plaintiff went to pick up food downstairs and get coffee for herself and coworkers.

13. However, Moreno instructed DE LA CRUZ on July 15, 2021 that Plaintiff was not permitted to go downstairs to get food and instead advised DE LA CRUZ that Moreno "was going downstairs to HR," at which point DE LA CRUZ interjected that Plaintiff wanted to speak with Human Resources.

---

[1] Lucerna noted DE LA CRUZ's time card for July 13, 2021, which Plaintiff believed was to reflect DE LA CRUZ being late in connection with Plaintiff caring for her mother who was beginning to receive treatment for bone cancer.

[2] Lucerna again noted DE LA CRUZ's time card for July 14, 2021, which Plaintiff understood was to reflect that DE LA CRUZ had been one (1) hour late because Plaintiff was caring for her mother while she received cancer treatment in the hospital.

14. Both DE LA CRUZ and Moreno proceeded on the morning of July 15, 2021 to ALL FLORIDA PAPER LLC's Human Resources office and Plaintiff explained to Lucerna, *inter alia*, that Moreno had: (a) questioned the seriousness—if not questioning outright the legitimacy—of Plaintiff's mother's bone marrow cancer and ongoing medical treatment; and (b) closely watched DE LA CRUZ getting food/coffee, including Moreno having taken screen shots of the cameras which showed DE LA CRUZ's breakfast, before Moreno had informed Plaintiff that Moreno was reporting DE LA CRUZ to Human Resources.

15. While DE LA CRUZ was in Lucerna's office on the morning of July 15, 2021, Moreno walked into Lucerna's office while one of the owners of ALL FLORIDA PAPER LLC, Marisel Caceres, was on the telephone.

16. After a brief phone conversation on July 15, 2021 between Lucerna, Moreno, and Caceres—while DE LA CRUZ stood in Lucerna's office—Moreno advised DE LA CRUZ that Plaintiff's employment with ALL FLORIDA PAPER LLC was being terminated effective immediately but Moreno refused to give DE LA CRUZ a reason why she was fired.

17. DE LA CRUZ was eligible for and entitled to FMLA leave in July 2021 from her employment with ALL FLORIDA PAPER LLC pursuant to the Family and Medical Leave Act, 29 U.S.C. §2612(a)(1)(C), in order to care for Plaintiff's mother who had one or more serious health conditions including but not necessarily limited to bone marrow cancer.

18. On or around July 13, 2021, DE LA CRUZ began exercising her right to seek intermittent leave from her employment with ALL FLORIDA PAPER LLC under the Family and Medical Leave Act, 29 U.S.C. §2612(a)(1)(C), in order to care for Plaintiff's mother who had one or more serious health conditions including but not necessarily limited to bone marrow cancer.

19. At all times material to this Complaint, ALL FLORIDA PAPER LLC was engaged in an industry affecting commerce and had Fifty (50) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year, such that ALL FLORIDA PAPER LLC constitutes an employer within the meaning of the FMLA, 29 U.S.C. §2611(4), §2612, §2614(a), §2615(a)(1), and §2617(a).

20. DE LA CRUZ worked more than 1,250 hours for ALL FLORIDA PAPER LLC during the twelve (12) month period leading up to July 2021, such that DE LA CRUZ was, at all times material to this action, an eligible employee under the FMLA, 29 U.S.C. §2611(2), §2612, §2614(a), §2615(a)(1), and §2617(a).

21. DE LA CRUZ was eligible for and entitled to FMLA leave in 2021 pursuant to 29 U.S.C. §2612(a)(1)(C) in order to care for Plaintiff's mother who had one or more serious health conditions including but not necessarily limited to bone marrow cancer.

22. DE LA CRUZ's mother's bone marrow cancer constitutes one or more "serious health conditions" within the meaning of the FMLA, 29 U.S.C. §2612(a)(1)(D).

23. Between approximately July 13 and 15, 2021, DE LA CRUZ had numerous conversations with management personnel of ALL FLORIDA PAPER LLC about the health condition of DE LA CRUZ's mother and Plaintiff's need to care for her mother while she underwent medical treatment for bone marrow cancer, including but not necessarily limited to Moreno and Lucerna.

24. When DE LA CRUZ notified ALL FLORIDA PAPER LLC in July 2021 of the reasons for Plaintiff's need to take time off from work for Plaintiff's mother's serious health condition, DE LA CRUZ provided ALL FLORIDA PAPER LLC with sufficient information for

Defendant to understand that DE LA CRUZ needed and was entitled to leave for FMLA-qualifying reasons in accordance with the FMLA, 29 C.F.R. §825.302.

25.     However, although ALL FLORIDA PAPER LLC was aware in July 2021 of the facts and circumstances surrounding DE LA CRUZ's need for medical leave for FMLA-qualifying reasons—or at a minimum, that Plaintiff's need for time off "may be for" an FMLA-qualifying reason—Defendant failed to notify DE LA CRUZ of her eligibility for this time off to be FMLA-protected leave, as required by the FMLA, 29 C.F.R. §825.300(b)(1), as a result of which ALL FLORIDA PAPER LLC interfered with DE LA CRUZ's right to FMLA-protected leave in July 2021.

26.     A motivating factor behind ALL FLORIDA PAPER LLC's decision to terminate DE LA CRUZ's employment on July 15, 2021 was retaliation against DE LA CRUZ because Plaintiff:  (a) requested time off from work on one or more occasions in July 2021 for FMLA-qualifying reasons; and (b) Defendant's knowledge that DE LA CRUZ took time off work for a serious condition of Plaintiff's mother and/or triggered the protections of the FMLA, including the benefits and protections associated with intermittent leave and job reinstatement guaranteed by the FMLA.

27.     When ALL FLORIDA PAPER LLC terminated DE LA CRUZ's employment on July 15, 2021, Defendant unlawfully (a) interfered with Plaintiff's rights under the FMLA; and/or (b) retaliated against DE LA CRUZ because Plaintiff took time off work for a serious condition of Plaintiff's mother and/or triggered the protections of the FMLA.

## COUNT I
## INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

Plaintiff, MIALGROS DE LA CRUZ, reasserts and reaffirms the allegations of Paragraphs 1 through 27 and further states that this is an action against ALL FLORIDA PAPER LLC for Interference in violation of the Family and Medical Leave Act, 29 U.S.C. §2615.

28. The FMLA, 29 U.S.C. §2615(a)(1), provides that it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under 29 U.S.C. §2611, *et seq*.

29. Under the FMLA, when the timing of an employee's need for FMLA leave is not foreseeable, an employee is only required provide notice to her employer "as soon as practicable under the facts and circumstances of the particular case." 29 CFR §825.303(a).

30. Similarly, where an emergency condition requires leave because of an FMLA-qualifying reason, written advance notice pursuant to an employer's standard rules and procedures is not required when medical leave is involved. 29 CFR §825.303(c).

31. DE LA CRUZ provided ALL FLORIDA PAPER LLC July 2021 with sufficient facts and notice of her need for intermittent leave to care for her mother's serious health condition.

32. On multiple occasions during her employment with ALL FLORIDA PAPER LLC in July 2021, DE LA CRUZ exercised, and/or attempted to exercise, rights guaranteed under and protected by the FMLA, 29 U.S.C. §§2612(a)(1)(D).

33. DE LA CRUZ's mother's bone marrow cancer constitutes one or more "serious health conditions" within the meaning of the FMLA, 29 U.S.C. §2612(a)(1)(D).

34. By exercising and/or attempting to exercise her rights under the FMLA on multiple occasions during her employment with ALL FLORIDA PAPER LLC in July 2021,

including but not necessarily limited to DE LA CRUZ's right to intermittent or other leave under the FMLA, DE LA CRUZ engaged in activity protected by the FMLA, 29 U.S.C. §2611 *et seq.*, triggering the protections of the FMLA, specifically including but not limited to DE LA CRUZ's rights pursuant to: (a) 29 U.S.C. §2612 to take up to twelve (12) workweeks of leave to care for her mother's "serious health condition"; and (b) 29 U.S.C. §2614 to be restored to Plaintiff's position, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment upon her return from leave.

35. ALL FLORIDA PAPER LLC interfered with DE LA CRUZ's right to take leave under the FMLA to care for her mother's serious health condition in July 2021 when Defendant had knowledge of DE LA CRUZ's exercise and/or attempted exercise of rights guaranteed under and protected by the FMLA, in violation of 29 U.S.C. §2615(a)(1).

36. On July 15, 2021, ALL FLORIDA PAPER LLC interfered with DE LA CRUZ's rights under the FMLA when Defendant terminated DE LA CRUZ's employment in violation of 29 U.S.C. §2612(a)(1)(C) for a reason which was a pretext for discrimination against Plaintiff in violation of her FMLA rights and at a point when DE LA CRUZ had not exhausted twelve (12) workweeks of leave which DE LA CRUZ was entitled to under the FMLA to care for her mother's "serious health condition(s)."

37. As a result of ALL FLORIDA PAPER LLC's violations of DE LA CRUZ's rights protected by the FMLA, Plaintiff has suffered damages including but not necessarily limited to unpaid wages and lost employment benefits.

38. ALL FLORIDA PAPER LLC violations of the FMLA were willful, intentional and not done in good faith.

39. Pursuant to 29 U.S.C. §2617(a)(1)(iii), DE LA CRUZ is entitled to an award of liquidated damages from ALL FLORIDA PAPER LLC equal to the sum of the amount of all salary, wages, bonuses, employment benefits, and other compensation denied to or lost by DE LA CRUZ by reason of Defendant's violations of 29 U.S.C. §2615(a)(1).

40. Pursuant to 29 U.S.C. §2617(a)(3), DE LA CRUZ is entitled to all reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action to be paid by ALL FLORIDA PAPER LLC.

WHEREFORE, Plaintiff, MIALGROS DE LA CRUZ, demands judgment against Defendant, ALL FLORIDA PAPER LLC, for back pay, employment benefits, other compensation including bonuses, liquidated damages, equitable relief including but not limited to front pay, interest, attorneys' fees, costs and such other and further relief as this Honorable Court deems proper.

## COUNT II
## RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

Plaintiff, MIALGROS DE LA CRUZ, reasserts and reaffirms the allegations of Paragraphs 1 through 27 and further states that this is an action against ALL FLORIDA PAPER LLC for Retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. §2615.

41. The FMLA, 29 U.S.C. §2601 *et seq*., prohibits an employer from retaliating against an eligible employee who has (a) obtained and/or attempted to obtain the benefits and protections of the FMLA; or (b) otherwise triggered the protections of, or engaged in activity protected by, the FMLA.

42. Under 29 U.S.C. §2615, the FMLA also prohibits an employer from discharging or in any other manner discriminating against any individual for opposing any practice made unlawful by the Act.

43. On multiple occasions during her employment with Defendant in July 2021, DE LA CRUZ exercised, and/or attempted to exercise, her rights under the FMLA in accordance with 29 U.S.C. §§2612(a)(1)(C).

44. By exercising and/or attempting to exercise her rights under the FMLA on multiple occasions during her employment with Defendant in July 2021, including but not necessarily limited to DE LA CRUZ's right to intermittent or other leave under the FMLA to provide care for her mother's "serious health condition(s)," DE LA CRUZ engaged in activity protected by the FMLA, 29 U.S.C. §2611 *et seq*., triggering the protections of the FMLA, specifically including but not limited to DE LA CRUZ's rights pursuant to: (a) 29 U.S.C. §2612 to take up to twelve (12) workweeks of leave on an intermittent basis to care for her mother's "serious health condition(s)"; and (b) 29 U.S.C. §2614 to be restored to Plaintiff's position, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment upon her return from leave.

45. Not only did members of ALL FLORIDA PAPER LLC's management receive notice about and have knowledge in July 2021 of DE LA CRUZ's need for FMLA leave to care for Plaintiff's mother's "serious health condition(s)," but at least one of Defendant's managers questioned the seriousness and/or legitimacy of Plaintiff's mother's medical condition in July 2021 after being notified that Plaintiff's mother was diagnosed with bone marrow cancer for which she had to begin immediate medical treatment.

46. ALL FLORIDA PAPER LLC was fully aware and/or should have been aware in July 2021 of Defendant's legal obligations as an employer covered by the FMLA.

47. At all times material to this action, DE LA CRUZ satisfactorily performed her essential job duties as a Collection Specialist for ALL FLORIDA PAPER LLC.

48. On July 15, 2021, Defendant retaliated against DE LA CRUZ and unlawfully terminated Plaintiff's employment in violation of 29 U.S.C. §2615(a)(1) when Defendant fired DE LA CRUZ for a reason which was a pretext for discrimination against Plaintiff in violation of her FMLA rights and instead was actually because of Plaintiff's exercise of her rights to leave under the FMLA.

49. A motivating factor behind ALL FLORIDA PAPER LLC's decision to terminate DE LA CRUZ's employment in July 2021 was retaliation against DE LA CRUZ because Plaintiff: (a) requested time off from work on one or more occasions in July 2021 for FMLA-qualifying reasons; and (b) Defendant's knowledge that DE LA CRUZ sought and/or triggered the protections of the FMLA, including the benefits and protections associated with intermittent or other leave and job reinstatement guaranteed by the FMLA, all in violation of 29 U.S.C. §2615(a)(1).

50. ALL FLORIDA PAPER LLC did not have a legitimate, non-discriminatory business reason to terminate DE LA CRUZ's employment in July 2021 and instead terminated Plaintiff in a pretextual attempt to cover Defendant's discrimination against Plaintiff in violation of her FMLA rights and Defendant's intentional violations of DE LA CRUZ's rights under the FMLA.

51. By subjecting DE LA CRUZ to retaliation and terminating DE LA CRUZ's employment in July 2021 because Plaintiff exercised and/or attempted to exercise her rights under the FMLA, as guaranteed by, *inter alia*, 29 U.S.C. §2612(a)(1)(C), ALL FLORIDA PAPER LLC intentionally retaliated against DE LA CRUZ in violation of the FMLA.

52. As a result of ALL FLORIDA PAPER LLC's violations of DE LA CRUZ's rights protected by the FMLA, Plaintiff has suffered damages including but not necessarily limited to unpaid wages and lost employment benefits.

53. ALL FLORIDA PAPER LLC's violations of the FMLA were willful, intentional and not done in good faith.

54. Pursuant to 29 U.S.C. §2617(a)(1)(iii), DE LA CRUZ is entitled to an award of liquidated damages from ALL FLORIDA PAPER LLC equal to the sum of the amount of all wages, employment benefits, and other compensation denied to or lost by Plaintiff by reason of Defendant's violations of 29 U.S.C. §2615(a)(1).

55. Pursuant to 29 U.S.C. §2617(a)(3), DE LA CRUZ is entitled to all reasonable attorneys' fees, expert witness fees, and other costs of the action to be paid by ALL FLORIDA PAPER LLC.

WHEREFORE, Plaintiff, MIALGROS DE LA CRUZ, demands judgment against Defendant, ALL FLORIDA PAPER LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, liquidated damages, equitable relief including but not limited to reinstatement and/or front pay, interest, attorneys' fees, costs and such other and further relief as this Honorable Court deems proper.

### JURY TRIAL DEMAND

MIALGROS DE LA CRUZ demands trial by jury on all issues so triable.

Dated:  November 12, 2021                 Respectfully submitted,

By:  **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com

                                              LAW OFFICE OF KEITH M. STERN, P.A.
                                              80 S.W. 8th Street, Suite 2000
                                              Miami, Florida 33130
                                              Telephone: (305) 901-1379
                                              Fax: (561) 288-9031
                                              Attorneys for Plaintiff